Filed 1/23/23 P. v. Steele CA2/6
# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JENNIFER LYNN STEELE,<br><br>    Defendant and Appellant. | 2d Crim. No. B321074<br>(Super. Ct. No. 19F-02766-B)<br>(San Luis Obispo County) |

Jennifer Lynn Steele appeals from the judgment following her plea of no contest to felony possession of methamphetamine for sale (Health & Saf. Code, § 11378)[1] after the trial court denied her motion to suppress evidence pursuant to Penal Code section 1538.5.

We appointed counsel to represent appellant in this appeal. After an examination of the record, counsel filed an opening brief that raises no arguable issues. On November 10, 2022, we

---

[1] All further statutory references are to the Health & Safety Code unless otherwise indicated.

notified appellant by mail that she had 30 days within which to personally submit any contentions or issues she wished us to consider. The 30 days have since passed, and appellant has not presented any contentions or issues for our consideration.

In April 2019, San Luis Obispo police were dispatched to a local Starbucks store after Michael B. locked himself in the bathroom and called 911 to report that he had been threatened by a woman and a man, later identified as appellant and her co-defendant, Benjamin Keeney. According to Michael B., appellant and Keeney accused him of stealing their heroin and demanded drugs or money from him. Officer Marcelo Magana arrived at the scene and contacted appellant and Keeney who denied knowing Michael B. or speaking to him. After conducting a brief investigation, including speaking with two employee eyewitnesses, as well as Michael B., Officer Magana arrested appellant and Keeney for attempted robbery.

Appellant was subsequently searched at the jail and police found approximately 335.5 gross grams of methamphetamine, 106.5 gross grams of heroin, and 15 pills of methadone concealed in her bra. The heroin and methamphetamine were individually packaged in small bindles common for street-level sales. Appellant was subsequently charged with four felony counts including possession of heroin for sale (§ 11351, count 1), possession of methamphetamine for sale (§ 11378, count 2), and bringing contraband into a jail facility (Pen. Code, § 4573, subd. (a), counts 3 and 4).

Defense counsel moved to suppress the drug evidence, but the trial court denied the motion because reasonable suspicion supported appellant's detention while Officer Magana conducted a brief investigation that lasted no longer than 20 minutes. The

2

trial court also found, based on the repeated requests for money and veiled threats, that probable cause supported appellant's arrest and the search incident to arrest.

We have reviewed the entire record and are satisfied that appellant's attorney fully complied with her responsibilities and that no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436.)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P. J.


BALTODANO, J.

Jacquelyn H. Duffy, Judge
Superior Court County of San Luis Obispo

————————————————

Nancy Wechsler, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.